28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Lamont JONES, Defendant-Appellant.
 No. 93-5138.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 4, 1994.
Decided: June 9, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, District Judge. (CR-92-18)
 Joseph F. Lyles, Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Gretchen C.F. Shappert, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Randy Lamont Jones challenges his conviction for possession of cocaine with intent to distribute. 21 U.S.C. Sec. 841(a)(1) (1988). Specifically, Jones argues that the ruling of the district court admitting into evidence incriminating fingerprint evidence was in error because the underlying arrest was illegal. See Davis v. Mississippi, 394 U.S. 721, 724 (1969). Although Jones states otherwise in his brief, the record on appeal shows that he was arrested for possession of cocaine and a stolen vehicle. Because we find that Jones's arrest for possession of the stolen vehicle was supported by probable cause, we affirm the conviction.
 
 
 2
 This Court reviews a determination of probable cause by a de novo standard. United States v. Miller, 925 F.2d 695, 698 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S.1991). Probable cause is determined by an examination of the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). In this case, the arresting officer had probable cause to arrest Jones. The arresting officer knew that Jones had either been driving or riding in a reportedly stolen Nissan 300ZX and heard Jones tell investigating officers that "someone will be back to get [the car] later." (J.A. at 47.) Further, Jones was an occupant in a second car which drove slowly by the site of the search, indicating an interest in what happened to the 300ZX. Finally, Jones's statements to the arresting officer denying that he stole the car but admitting that he had been a passenger in the 300ZX, added to the "totality of the circumstances" establishing probable cause to arrest Jones.
 
 
 3
 From these statements, as well as Jones's agitated state regarding the car, a prudent person could have concluded that Jones had committed a felony in relation to the allegedly stolen 300ZX. See Beck v. Ohio, 379 U.S. 89, 91 (1964) (adopting a "prudent man" standard). Even if the statements themselves were not facially criminal, the arresting officer was justified in relying on his training and experience to draw the limited inference that Jones was involved in some felonious criminal activity regarding the reportedly stolen car. See Texas v. Brown, 460 U.S. 730, 742-43 (1983) (plurality opinion) (noting officer was justified in relying on knowledge of methods of criminals generally to form probable cause). Accordingly, Jones's arrest was supported by probable cause and was not illegal. The fingerprint evidence obtained after the arrest was properly admissible.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.